UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELIZABETH A. LEONARD,           )
                                )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 05-40043-FDS
                                )
VERIZON NEW ENGLAND, INC.,      )
                                )
          Defendants.           )

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

## FACTS

On March 7, 2005, Elizabeth A. Leonard, a resident of Gardner, Massachusetts, filed her self-prepared complaint for discrimination accompanied by an application to proceed without prepayment of fees and a motion for appointment of counsel.

Leonard brings this action pursuant to the Americans With Disabilities Act and alleges that she has several disabilities, which are not described in the complaint.  Plaintiff alleges that after filing several union grievances, her employer attempted to provide accommodation, however, these accommodations were allegedly inadequate and later revoked.  Plaintiff alleges that

she was hired in 1999 and was unjustly terminated in July 2002.

ANALYSIS

I.   Plaintiff's Fee Waiver Application

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff failed to fully answer questions two and three on the application to proceed without prepayment of fees.  See Application, Docket No. 2.  Question two on the form asks litigants if they are employed.  See Question No. 2.  Although plaintiff reveals the fact that she is not employed, she has failed to reveal the date of her last employment, the amount of her take-home salary or wages and pay period, and the name of her last employer.  See Question No. 2(b).

Although plaintiff indicates in Question 3 that she has received income from disability or workers compensation payments as well as other sources, she fails to describe the source of

money and state the amount received and what she expects she will continue to receive. See Question No. 3.

Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

II. The Court May Screen this Action

When a party seeks to file an action without prepayment of the filing fee, summonses do not issue in order to allow the Court to review the plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

III. Absent Exhaustion Before the
     EEOC, This Court May Not Consider
     Plaintiff's Federal Employment-Law Claims

Plaintiff Leonard brings this action pursuant to Title I of the ADA, 42 U.S.C. § 12101-12213. Prior to bringing an action in

federal court under the ADA, the ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See 42 U.S.C. § 12117 (incorporating by reference, inter alia, 42 U.S.C. § 2000e-5(f)(1)); Bonilla Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). Such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA. Bonilla, 194 F.3d at 277.

Similarly, in order to bring claims of discrimination under Chapter 151B pursuant to this Court's supplemental jurisdiction,[1] a plaintiff must first submit a complaint to MCAD within six months of the alleged unlawful conduct. Mass. Gen. Laws ch. 151B §§ 5-9; accord Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41, 423 Mass. 1021, 1021 (1996).

In states such as Massachusetts, which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the MCAD, the state agency, is

---

[1] Absent a federal question, this Court, of course, would not have original jurisdiction to consider plaintiff's state-law based employment claims because it does not appear that diversity of citizenship exists. See 28 U.S.C. § 1332 (diversity jurisdiction); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) (diversity jurisdiction requires complete diversity: the citizenship of each plaintiff must be diverse from each defendant); 28 U.S.C. § 1367(a) (in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution).

4

automatically referred to the EEOC after MCAD's initial review. Thus, claims filed with MCAD or the EEOC are effectively filed with both agencies. Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).

After the filing an administrative charge for Title I ADA claims, the EEOC must reach a final determination on the claims and render a decision stating whether it will pursue them in federal court or whether the complainant will be issued a "right-to-sue" letter. Absent a final determination or a "right-to-sue" letter from the EEOC, a party generally may not bring a civil action under Title I of the ADA in federal court. Bonilla, 194 F.3d 278; accord McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (Title VII plaintiff must file a timely EEOC charge and receive notice of a right to sue); Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 137-138 (4th Cir. 1995) ("right-to-sue" letter is essential to the initiation of a private employment discrimination action under Title VII).

Here, because plaintiff does not allege that the EEOC has issued a "right-to-sue" letter for her Title I ADA claims, her ADA claims are subject to dismissal without prejudice.² See,

---

²In contrast to the ADA, a person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful

e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 744-745 (1st Cir. 2003) (where district court gave party the benefit of the doubt by affording him an opportunity, through a show-cause order, to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim and appellant was unable to make the requisite showing, court could dismiss action); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (although the filing of an administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement); accord Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979) (same); Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the obligation to meet procedural requirements established by law).

If plaintiff's federal-law based ADA claims are dismissed without prejudice, then this Court will lack subject-matter jurisdiction over any of plaintiff's state-law based claims, see, e.g., 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction), and may decline to exercise supplemental jurisdiction over them. See, e.g., Gonzalez-De Blasnini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) (as a general rule, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit will trigger the

---

practice occurred. See Mass. Gen. Laws ch. 151B, § 9.

b

dismissal without prejudice of any supplemental state law claims) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)).[3]

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice. If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above. If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice. The Clerk shall send plaintiff an Application to Proceed Without Prepayment of Fees.
SO ORDERED.

Dated at Worcester, Massachusetts, this 18th day of April, 2005.

/s/ F. Dennis Saylor
F. DENNIS SAYLOR
UNITED STATES DISTRICT JUDGE

---

[3] Such a dismissal normally does not implicate an immediate time bar to the filing of any state-law based claims in state court. See Mass. Gen. Laws ch. 260, § 32 (claims dismissed for "any matter of form" may be re-filed in state court for one year after their dismissal); Duca v. Martins, 941 F. Supp. 1281, 1295 n. 14 (D. Mass. 1996) (dismissing state law claim without prejudice after dismissing federal claims because § 32 gave plaintiff one year in which to re-file his claim in state court); Liberace v. Conway, 574 N.E.2d 1010, 1012, 31 Mass. App. Ct. 40, 42-44 (1991) (Mass. Gen. Laws ch. 260 § 32 applies to state law claims dismissed by federal court declining to exercise supplemental jurisdiction).