```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

ELIZABETH A. LEONARD,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   C.A. No. 05-40043-FDS
                                 )
VERIZON NEW ENGLAND, INC.,       )
                                 )
            Defendants.          )
                                 )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, plaintiff shall file a copy of the "right-to-sue" letter she received from the EEOC or this action will be subject to dismissal.

<u>BACKGROUND</u>

On March 7, 2005, Elizabeth A. Leonard, a resident of Gardner, Massachusetts, filed her employment discrimination complaint along with an application to proceed without prepayment of fees and a motion for appointment of counsel.

By Order dated April 18, 2005, plaintiff's fee-waiver application was denied and she was granted addition time to both file a new fee-waiver application and demonstrate good cause why her complaint should not be dismissed. <u>See</u> Docket No. 5.

Plaintiff filed a new fee-waiver application. <u>See</u> Docket No. 6. By Electronic Order dated June 1, 2005, plaintiff's fee-waiver application was granted and her motion for counsel was denied. <u>See</u> Docket (6/1/05 Electronic Order).

On July 5, 2005, plaintiff filed a one-page document

alleging facts in support of her discrimination claim.  See Docket No. 8.

## REVIEW

When a party is proceeding without prepayment of the filing fee, summonses do not issue in order to allow the Court to review the plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

## DISCUSSION

The Court's April 18th Order advised plaintiff that absent exhaustion of her administrative remedies before the Equal Employment Opportunity Commission ("EEOC"), this Court may not consider her federal employment-law claims.  See Docket No. 5. At that time, plaintiff was further advised that her ADA claims are subject to dismissal without prejudice because she failed to allege that the EEOC has issued a "right-to-sue" letter for her Title I ADA claims.  Id. (citations omitted).

Although plaintiff filed a document that, among other

things, makes reference to receiving an EEOC letter, <u>see</u> Docket No. 8, plaintiff has not filed such letter with the Court. Accordingly, plaintiff will be granted additional time to do so.

ORDER

ACCORDINGLY, plaintiff shall, within 35 days of the date of this Order, file a copy of the "right-to-sue" letter that she had received from the EEOC.  If plaintiff fails to submit a copy of the EEOC letter, this action will be dismissed without prejudice. SO ORDERED.

|  |  |
|---|---|
| <u>  2/14/06  </u><br>DATE | <u>/s/ F. Dennis Saylor</u><br>F. DENNIS SAYLOR<br>UNITED STATES DISTRICT JUDGE |